{¶ 42} Being unable to concur with the majority opinion in the analysis regarding intent, I respectfully dissent as to this issue alone. Included in the opinion is a discussion of whether a substantial certainty analysis is relevant to determining insurance coverage. The majority then concludes that such an analysis is not necessary in this case. In Penn Traffic Co. v. AIU Ins. Co., 99 Ohio St.3d 227,2003-Ohio-3373, the Ohio Supreme Court did apply a substantial certainty standard; however, it was in the context of an employer intentional tort and not in the context of interpretation of the language of an insurance contract.
 {¶ 43} The focus of the majority opinion, with which I agree, is on the language of the policy and the actions of Seymour. However, I disagree with the conclusion that Seymour's intentional act of cutting down the trees deprived him of coverage.
 {¶ 44} The policy provides coverage for "property damage" which means "[p]hysical injury to tangible property, including all resulting loss of use of that property * * * or [l]oss of use of tangible property that is not physically injured."
 {¶ 45} In Buckeye Union Ins. Co. v. New England Ins. Co. (1999),87 Ohio St.3d 280, 283, citing Physicians Ins. Co. of Ohio v. Swanson
(1991), 58 Ohio St.3d 189, 193, *Page 17 
the court stated "an intent to injure, not merely an intentional act, is a necessary element to uninsurability. Whether the insured had the necessary intent to cause injury is a question of fact."
 {¶ 46} The majority concludes that Seymour intended to cut down the trees and to deprive appellants of the use of those trees for sale. While it is undisputed Seymour intended to cut down the trees, there is conflicting evidence regarding the instructions given to him by the owner of the property about thinning the trees, whether he had authority to exercise his judgment, what his intentions were in thinning the trees and whether he made a mistake. Whether there was an intent to injure is a question of fact to be determined by a jury and I would remand this case to the trial court. *Page 1